```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON


MARGARET I. ROBINSON,

       Plaintiff,

v.                              Civil Action No. 2:12-05672

RES-CARE, INC.,

       Defendant.
```

## MEMORANDUM OPINION AND ORDER

Pending are the plaintiff's motion not to dismiss the amended complaint, filed October 25, 2012, as was the amended complaint itself; and the defendant's motion to dismiss the amended complaint, filed November 15, 2012.

This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who submitted her Proposed Findings and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) on December 27, 2012.  She recommends granting the defendant's motion and dismissing the plaintiff's six defamation claims, finding five of the claims barred by the applicable statute of limitations and the sixth premised on statements protected by an absolute privilege.

After being granted additional time to respond, the plaintiff filed objections to the Proposed Findings and Recommendation on June 12, 2013.  Her primary objection appears to be that she was terminated on August 22, 2011, and that the one-year statute of limitations applicable to defamation claims had therefore not expired with respect to her first five claims when she filed suit on August 17, 2012.  Pl.'s Objections 2-3.  The sixth claim is not addressed in her objections.

Under West Virginia law, the statute of limitations is triggered when the cause of action accrues, W. Va. Code § 55-2-12(c), or when the defamation becomes known, or reasonably should have been known, to the plaintiff, <u>Garrison v. Herbert J. Thomas Mem'l Hosp. Ass'n</u>, 438 S.E.2d 6, 13 n.9 (W. Va. 1993) (quoting <u>Padon v. Sears, Roebuck & Co.</u>, 411 S.E.2d 245 syllabus (W. Va. 1991)).  The magistrate judge thus concluded that any claim of defamation arising from the five defamatory statements made between July 27, 2011 and August 5, 2011 was barred, given that suit was not initiated until August 17, 2012.  The plaintiff does not argue, nor do the materials submitted to the court suggest, that the plaintiff was unaware of any of the five statements until after August 17, 2011.  Accordingly, the court concludes that the magistrate judge properly applied the statute of limitations.

The plaintiff presents no cognizable objection to the magistrate judge's assertion that the sixth and final allegedly defamatory statement was protected by an absolute privilege. Consequently, the court adopts the Proposed Findings and Recommendation.  It is hereby ordered that the defendant's motion to dismiss the six defamation claims be granted, and the plaintiff's motion not to dismiss be denied.

Finally, the court notes that the plaintiff has repeatedly expressed a desire to assert a claim for wrongful termination.  See Pl.'s Objections 1, filed June 12, 2013; Pl.'s Resp. to the Ct.'s Mem. Op. and Order of April 10, 2013, at 2, filed April 24, 2013; Pl.'s Letter-Form Objections 1, filed January 29, 2013.  Given the plaintiff's pro se status, the court affords the plaintiff the opportunity to amend her complaint until July 31, 2013 to allege a state-law claim for wrongful termination.  If the complaint is not so amended by that date, this case will be dismissed.

The Clerk is directed to forward copies of this written opinion and order to the pro se plaintiff, all counsel of record, and the United States Magistrate Judge.

DATED: July 11, 2013

John T. Copenhaver, Jr.
United States District Judge